No. 27,208.

WILLIAM DOCKING, as Receiver, etc., *Appellee,* v. J. D. TURKINGTON, *Appellant.*

### SYLLABUS BY THE COURT.

BANKS AND BANKING — *Liability on Note Protecting Against Overdrafts — Evidence.* The proceedings considered in an action by the receiver of a bank to recover from the maker on a promissory note given to the bank to protect the maker's account against overdrafts, and held that, disregarding statements embodying conclusions and not facts, there was no conflict in the evidence, and there was no evidence to sustain the defense that the maker did not overdraw, and was not indebted to the bank.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed June 11, 1927. Affirmed.

*Phil H. Callery,* of Pittsburg, and *Douglas Hudson,* of Fort Scott, for the appellant.

*Elmer W. Columbia,* of Oswego, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the receiver of a bank to recover from the maker on a promissory note given to the bank. The defense was, the note was given to be used in case the maker overdrew, he did not overdraw, and was not indebted to the bank.

The burden of proof rested on defendant, and he was the only witness examined. He testified he had been in the business of shipping live stock, and had an account with the bank previous to September, 1921, when the cashier absconded. Referring particularly to the note sued on, which was for $3,000, dated January 21, 1921, and due one year from date, he testified the cashier said he should give a $3,000 note to prevent overdrafts, which he did, and he did not receive credit for this $3,000 note in his account. Previous to January 21, similar notes were executed for the same purpose, to prevent overdrafts. He drew checks and made deposits, trusted the cashier, and had not received a detailed statement of his account for twenty months before the bank failed. On a correct statement of his account with the bank, several thousand dollars would be due him.

On cross-examination it was developed the first note given to pre-

Docking v. Turkington.

vent overdrafts in the conduct of defendant's extensive cattle busi-
ness was for $3,000, dated June 6, 1917. Defendant had been shown
an original deposit slip of June 11, 1917, for $3,000, and had ex-
amined the purported books of the bank far enough to see that on
the day the deposit slip was dated he was given credit on the books
for $3,000. On December 31, 1917, a note for $3,000, due one year
after date, was given as a renewal of the first note. Successive re-
newal notes for the same amount were given on December 31, 1918,
on January 12, 1920, and on January 20, 1921, when the note sued
on was signed. After defendant's recollection had been refreshed
by reading to him his testimony given at a former trial, and after he
had made a distinction between having an overdraft and having
overdrafts to go over against notes, defendant said that at different
times when he was handling cattle he did have overdrafts which he
expected to check against the note. Referring to the period covered
by the notes given December, 1917, and December, 1918, defendant
testified as follows:

"Q. During this period of time is the time, I believe you say, when it be-
came necessary on different occasions for you to check against these notes?
A. Yes, sir.

"Q. And you did that? A. Yes, sir."

When the bank failed, the books showed defendant was over-
drawn $404.81, and he paid the money. Defendant testified, how-
ever, the amount was not an overdraft. His attention was called
to the state of his account, showing overdrafts at numerous times
between the giving of the first and last notes, and he said he was
not overdrawn in fact. On redirect examination, defendant ex-
plained what he meant by saying he was not overdrawn, and was
not overdrawn in fact:

"I mean that Mr. Dolson was robbing my account from time to time, and
consequently he was taking the value of my account away from it, and wasn't
giving me the value of my account, and was dishonestly handling my funds."

This explanation did not contain a scintilla of admissible evidence,
and rendered the statements attempted to be explained bald con-
clusions. The same is true of the assertion that on a correct state-
ment of defendant's account the bank would owe him several thou-
sand dollars. The statements were of course disregarded when the
court was obliged to consider the demurrer to the evidence, and with
the irrelevant statements eliminated, there was no conflict in the

evidence. Not only was the answer not sustained by any evidence, but liability on the note was fully proved. The court properly refused to permit defendant to answer other questions, which need not be printed here, calling for pure conclusions of the witness and not for facts.

The judgment of the district court is affirmed.